# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | Cr. No. 15-142 (JEB) |
| | ) | |
| | ) | |
| MICHAEL SANG HAN, | ) | |
| | ) | |
| Defendant. | ) | |

_____

## DEFENDANT'S MOTION TO DISMISS FOR LACK OF VENUE

The defendant, Michael Han, hereby moves this Court to dismiss Counts 10 and 11 of the

Superseding Indictment on the ground that venue is not proper in the District of Columbia.

## FACTUAL BACKGROUND

On September 14, 2017, Mr. Han was charged in a twelve-count superseding indictment

("Indictment") including two counts of attempt to defeat or evade tax under 26 U.S.C. § 7201.

Specifically, Counts 10 and 11 allege that Mr. Han personally and on behalf of Envion, Inc.

("Envion"), the alternative energy company he founded, willfully attempted to evade federal

income taxes for tax years 2010 and 2011.

Nowhere does the Indictment allege that Mr. Han's or Envion's federal income tax returns

for tax years 2010 and 2011 (the "Returns") were prepared or filed in the District of Columbia.

Rather, the Returns show that Mr. Han resided in Florida at the time they were filed.  In both years,

Mr. Han's address on his individual returns is listed as Palm Beach, Florida, and Envion's address

on the corporate returns is listed as West Palm Beach, Florida.  In addition, the Returns were

prepared by Walter Pennington, C.P.A. of Dembo Jones, located in Rockville, Maryland.  In fact,

the Indictment does not contain a single allegation that Mr. Han personally took any affirmative

act in the District of Columbia to evade federal income tax.  Instead, the Indictment claims that

Mr. Han concealed information from, or misled, unnamed Envion employees who were allegedly located in the District of Columbia for some period of time.   According to the Indictment, Mr. Han's alleged actions, the locations of which are conspicuously missing, somehow led to Envion employees creating false business records.   It is not clear from the face of the Indictment how the creation of allegedly false business records then resulted in the filing of false income tax returns or that false business records were even relied upon in preparing the Returns.   In any event, the Returns were prepared and filed outside of the District of Columbia.

<u>APPLICABLE LAW</u>

Venue is not a mere technicality.   The defendant's right to proper venue has explicit constitutional roots in Article III, Section(s) 2, cl. 3, which "requires that the trial of any crime be held in the state in which the crime was committed," and in the Sixth Amendment, which guarantees trial by "a jury of the state and district in which the crime was committed."   *United States v. Medina- Ramos*, 834 F.2d 874, 876 (10th Cir. 1987).   These requirements are codified in Fed. R. Crim. P. 18, which states "[e]xcept as otherwise permitted by statue or by these rules, the prosecution shall be had in a district in which the offense was committed."   The Supreme Court has pointed out that failure to treat venue rights seriously not only may impose unfairness and hardship on the accused, but might also encourage forum-shopping by federal prosecutors. "Questions of venue in criminal cases, therefore, are not merely matters of formal legal procedure. They raise deep issues of public policy…"   *United States v. Johnson,* 323 U.S. 273, 276 (1944). When a defendant has been indicted on multiple counts, venue must be proper for each count. *United States v. Lam Kwong - Wah*, 924 F.2d 298, 301 (D.C. Cir. 1991) ("the government bears the burden of establishing that venue is proper with respect to each count charged against the defendant.").

The Government bears the burden of establishing by a preponderance of the evidence that venue is appropriate." *United States v. Slatten*, 865 F.3d 767, 786 (D.C. Cir. 2017).  Only when an indictment "alleges facts which, if proven, would sustain venue" is an indictment sufficient.  *See United States v. Bohle*, 445 F2d 54, 59 (7th Cir. 1971), overruled on other grounds, *United States v Lawson*, 653 F.2d 299 (7th Cir. 1981).  Further, in ruling on a pre-trial motion to dismiss for lack of venue, the court must determine whether the claimed venue is proper *from the allegations in the indictment alone*.  *United States v. Jensen*, 93 F.3d 667, 669 (9th Cir. 1996).  For example, in *Bohle*, the indictment was found to be insufficient on its face where it failed to allege that the indictment was returned prior to Bohle's return to the United States – a crucial allegation necessary to sustain venue under the circumstances existing in that case.

In terms of meeting its burden to prove venue in a tax evasion prosecution,  as the Government's own criminal tax manual makes clear, venue is proper under 26 U.S.C. § 7201 "where an act in furtherance of the crime was committed. This would include districts where the return was *prepared*, *signed, mailed* or *filed*."  U.S. Dep't of Justice, Criminal Tax Manual § 6.02 (2012 ed.) (emphasis added).  "Venue is proper only where the acts constituting the offense—the crime's 'essential conduct elements'—took place." *United States v. Tzolov*, 642 F.3d 314, 318 (2d Cir. 2011) (quoting *Rodriguez–Moreno*, 526 U.S. at 280).

<u>ARGUMENT</u>

The Government cannot meet its burden to establish venue in the District of Columbia for Counts 10 and 11.  As both the individual and corporate tax returns reflect, Mr. Han was a resident of Florida at the time he filed his 2010 and 2011 returns.  The Returns were prepared by a Certified Public Accountant outside of the District in Rockville, Maryland.  Faced with these facts, the Government hangs its hat on the attenuated theory that Mr. Han "concealed," "misled," or

"caused" business records to be falsified by others in the District.  Superseding Indictment ¶¶ 52

and 54.  Yet those allegations fail to allege any affirmative conduct on the part of Mr. Han within

the District of Columbia, which is required to establish venue in the district for tax evasion. *See*

*United States v. Martino*, 2000 WL 1843233, at *2 (S.D.N.Y. Dec. 14, 2000) ("In tax cases such

as this, the government generally must show that the *defendant* engaged in some affirmative act *in*

*this district* with a tax evasion motive.") (emphasis added). Nowhere does the Indictment allege

that Mr. Han took any action in the District of Columbia that indicates he affirmatively subjected

himself to venue in the District of Columbia.

The Supreme Court in *Spies v. United States* enumerated several affirmative acts of evasion

that, if committed in the district, would arguably establish venue under § 7201.  *See* 317 U.S. 492,

499 (1943).  These include "keeping a double set of books, making false entries of alterations, or

false invoices or documents, destruction of books or records, concealment of assets or covering up

sources of income, handling of one's affairs to avoid making the records usual in transactions of

the kind, and any conduct, the likely effect of which would be to mislead or to conceal."  *Id.*

Although the Government appears to rely on these types of alleged acts to establish venue in this

case, the Indictment here plainly fails to allege that Mr. Han committed or caused to be committed

any of the alleged acts while he was inside the District of Columbia.  Instead, the Indictment

implies that Mr. Han somehow communicated to Envion employees from outside of the District

of Columbia to accomplish the alleged "concealment" and "direction" which eventually led to the

filing of false returns, again, outside of the District of Columbia.  Thus, the Government stretches

the bounds of venue by relying on allegations that third parties created false records that were sent

outside the District for the preparation and filing of tax returns; the Government then breaks the

bounds of venue by failing to allege that Mr. Han ever directed or caused these acts from inside the District.

There appears to be no precedent in this Circuit for establishing venue for tax evasion on such an attenuated basis, in which the sole linchpin of venue hangs on an allegation that a defendant outside the district communicated financial information to individuals inside the district before any preparation of the tax returns. The vast majority of cases finding venue for a § 7201 prosecution involve substantially more tax-specific activity in the district at issue. *See, e.g., United States v. Gross*, 276 F.2d 816, 820 (2nd Cir. 1960) (finding venue where defendant had sent untrue information to tax preparer in the district and preparer actually prepared the returns in the district); *United States v. Rooney*, 866 F.2d 28, 31–32 (2d Cir. 1989) ("We find that Rooney, who resided in Manhattan, listed a Manhattan address on his tax returns, and maintained his corporate offices there, did cause his accountant to prepare the return in Manhattan."); *United States v. Marchant*, 774 F.2d 888, 891 (8th Cir. 1985) (finding venue was proper where defendant "permitted his accountant to carry false information into the [district]" and there prepared the tax returns).

Here, the Government's allegations that the actions of others in the District of Columbia at the behest of Mr. Han or as a result of Mr. Han's alleged concealment do not show that Mr. Han's conduct was part of a continuing course of conduct designed to evade income tax or file false tax returns in the District. Instead, the Government alleges several acts that, standing alone, are irrelevant to tax evasion (e.g., falsifying internal books and records) and then adds a threadbare allegation that the false books and records were then transmitted to Mr. Han's accountant. Crucially, the Indictment fails to bridge the gap and allege that any false records contributed in any way to the filing of a false tax return. There is no allegation that the false records were submitted to the IRS, or that the accountant who prepared the returns in Maryland *relied on* any

of allegedly false records from the District of Columbia.  Indeed, the Indictment does not allege that Mr. Han's accountant read, let alone considered, any of the false records.  The Indictment, therefore, does not "allege facts which, if proven, would sustain venue" and instead merely alleges that Mr. Han caused false records to be produced and transmitted to an accountant.  *See Bohle*, 445 F2d 54.  Accordingly, none of the alleged "acts" in the District of Columbia can sustain venue for tax evasion charges.

In addition, an assertion of failure to act is not sufficient for venue unless the action is required by law.  *See, e.g., United States v. Montgomery,* 441 F. Supp. 2d 58, 61 (D.D.C. 2006) ("[W]hen an individual has a duty to act in some way and does not, prosecution of the failure to act is properly in the district in which the omission occurred.").  Here, the Government does not and cannot allege that Mr. Han failed to file his tax returns.

Lastly, the falsification of any business records of Envion, a corporate entity whose tax liability was determined separately, is wholly irrelevant to Mr. Han's individual tax liability.  Mr. Han would not have reasonably believed any conduct regarding Envion's tax returns would subject him to the jurisdiction of the D.C. courts for his personal returns when he was not a D.C. resident.  At the very least, this Court should dismiss any allegations regarding Mr. Han's individual returns.

## CONCLUSION

For the reasons set forth above, the Court should dismiss Counts 10 and 11 of the Superseding Indictment for lack of venue.

Respectfully submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER


_____/s/_____
Dani Jahn
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Suite 550
Washington, D.C.  20004
(202) 208-7500


_____/s/_____
David Nasse
DC Bar No. 1002567
ROPES & GRAY LLP
2099 Pennsylvania Avenue, N.W.
Washington, D.C.  20006
(202) 508-4600


_____/s/_____
Kia Grant
DC Bar No. 101152
ROPES & GRAY LLP
2099 Pennsylvania Avenue, N.W.
Washington, D.C.  20006
(202) 508-4600